IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MIRCEA TONEA,

      Plaintiff,

v.

NATIONSTAR MORTGAGE LLC,

      Defendant.

CIVIL ACTION FILE NO.

1:16-cv-3009-WSD-JKL

## FINAL REPORT AND RECOMMENDATION

This removal action is presently before the Court on Plaintiff Mircea Tonea's motion to remand [Doc. 5] and on Defendant Nationstar Mortgage LLC's ("Nationstar") motion to dismiss for failure to state a claim [Doc. 3]. For the following reasons, the Court **RECOMMENDS** that the motion to remand be **DENIED** and that the motion to dismiss be **GRANTED**.

## I.    BACKGROUND

The instant removal action is the fourth lawsuit that Tonea has filed since 2012 to prevent the non-judicial foreclosure sale, pursuant to the terms of a security deed (the "Security Deed"), of his real property located at 1845 Oak

Wind Lane in Buford, Georgia (the "Property"). *See Tonea v. Bank of Am.*, 1:12-cv-2642-WSD (N.D. Ga. 2012) ("*Tonea I*"); *Tonea v. Bank of Am.*, 1:13-cv-1435-WSD, 6 F. Supp. 3d 1331 (N.D. Ga. 2014) ("*Tonea II*"); *Tonea v. Nationstar Mortg., LLC*, 1:14-cv-2397-WSD (N.D. Ga. 2014) ("*Tonea III*"). Tonea initiated each of those cases in state court, and the Defendants removed the cases to this Court.

In 2004, in connection with a residential mortgage loan, Tonea executed a promissory note (the "Note") in favor of Home Funds Direct and executed the Security Deed in favor of the Mortgage Electronic Registration System ("MERS") as nominee for Home Funds Direct. [Doc. 3-2.] In *Tonea I*, Tonea filed a complaint against his then-servicer Bank of America, N.A. ("BANA"), alleging wrongful attempted foreclosure of the Property. Tonea voluntarily dismissed his complaint but, in 2013, filed a similar complaint against BANA in *Tonea II*. In March 2014, the District Court dismissed the complaint for failure to state a claim. Several months later, Tonea filed his *Tonea III* lawsuit against his current loan servicer, Nationstar, again raising claims related to the impending foreclosure sale of his home. The Honorable E. Clayton Scofield III recommended dismissing the complaint for failure to state a claim, and in

2

November 2014, Tonea voluntarily dismissed the complaint before the District Court issued a ruling on that recommendation.

On July 12, 2016, in the Superior Court of Gwinnett County, Tonea filed the instant complaint against Nationstar, once again challenging the impending foreclosure sale of the Property.  [Doc. 1-1 ("Compl.").]  On August 17, 2016, Nationstar removed the case to this Court.  [Doc. 1.]

On August 24, 2016, Nationstar moved to dismiss Tonea's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  [Doc. 3.] Nationstar also requested that this Court bar Tonea from filing form complaints related to the foreclosure of the Property.  [Doc. 3-1 at 14-15.]  That same day, Tonea moved to remand the case to state court.  [Doc. 5.]   Nationstar has responded to Tonea's motion to remand.  [Doc. 9.]  Tonea has responded to the motion to dismiss, and Nationstar has filed a reply.  [Docs. 10, 11.]

## II.   TONEA'S COMPLAINT

Tonea's complaint is a rambling document, which largely consists of legal argument, rather than factual allegations.  (*See* Compl.)  The complaint also appears to be a form complaint that is not tailored to the actual circumstances of Tonea's home foreclosure.  (*See id.*)  Nevertheless, the essential factual allegation

of the complaint is that Nationstar is attempting to foreclose on the Property even though it is not the holder of the promissory note secured by the Property (the "Note").  (*Id.* ¶¶ 5-17.)  Tonea suggests that MERS could not make a valid assignment of the Security Deed because it never possessed the Note.  (*Id.* at 5, 11.)  He also suggests that the assignment of the Security Deed is invalid because the only assignment he found in the Gwinnett County Records was an assignment of a security deed from New Century Mortgage Corporation to Deutsche Bank.[1]  (*Id.* ¶ 22.)

Tonea attached to his complaint a notice of sale under power from the Albertelli Law firm.  (Compl. Ex. A.)  The notice of sale under power indicated that assignee of the Security Deed, The Bank of New York Mellon, would have the Property sold at public auction on August 2, 2016.  (*Id.*)

Tonea alleges that Nationstar committed fraud and misrepresentation by failing to disclose that it is a "debt collector" and is not the secured party before advertising a foreclosure sale.  (Compl. ¶¶ 18-25.)  He also claims that Nationstar has committed attempted wrongful foreclosure by advertising a foreclosure sale

---

[1] Tonea also attached a copy of that assignment, which does not assign any security interest related to the Property.  (Compl. Ex. B.)  Rather, it concerns property in Dacula, Georgia that is owned by others.  (*Id.*)

4

even though it is not the holder of the note.[2]  (*Id.* ¶¶ 26-33.)  Furthermore, the notice of sale under power that he received from Albertelli Law did not comply with O.C.G.A. § 44-14-162.2, which, he contends, requires a foreclosure notice to name the "secured creditor."  (*Id.* ¶¶ 29-30.)  As relief, Tonea seeks, *inter alia*, unspecified damages, a declaration that Nationstar may not foreclose on the Property, and a permanent injunction barring Nationstar from foreclosing on the Property.  (*Id.* at 16-17.)

## III.   MOTION TO REMAND

### A.   The parties' arguments

In his motion to remand, Tonea argues that this matter should be remanded to state court because his claims arise solely under state law.  [Doc. 5 at 1-11, 13-20.]  He argues that this Court lacks subject matter jurisdiction over the case because there is no federal question jurisdiction over his state law claims.  [*Id.*]  Tonea seems to invoke the *Younger*[3] abstention doctrine, arguing that the Court should remand the case because his case concerns important state real property

---

[2] The Court liberally construes Tonea's complaint as raising both a claim of wrongful foreclosure and attempted wrongful foreclosure.  To the extent that Tonea seeks damages for wrongful foreclosure, that claim is premature.  *See Sheely v. Bank of Am., N.A.*, 36 F. Supp. 3d 1364, 1376 (N.D. Ga. 2014).

[3] *Younger v. Harris*, 401 U.S. 37 (1971).

interests.  [*Id.* at 17-19.]  Tonea also argues that Nationstar has failed to make an adequate showing that there is diversity jurisdiction in this case.  [*Id.* at 11-12.]

Nationstar responds that this Court has diversity jurisdiction over the removal action.  [Doc. 9 at 3-4.]  Moreover, Nationstar argues, the removal of the state case was timely and procedurally proper.[4]  [*Id.* at 5-6.]

**B.    Legal standards**

Generally, a case brought in state court over which a federal court would have original jurisdiction may be removed to federal court.  28 U.S.C. § 1441(a). Even without a motion to remand, a federal court must remand a removal action to state court if it does not have subject matter jurisdiction over the case.  28 U.S.C. § 1447(c).  Moreover, the right to remove is construed strictly, and "all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

The party seeking removal has the burden to establish federal jurisdiction by a preponderance of the evidence.  *Williams v. Best Buy Co., Inc.*, 269 F.3d

---

[4] The Court cannot discern in Tonea's motion any argument that the removal was procedurally defective or untimely.  [*See* Doc. 5.]  In any event, it is clear to the Court that the removal was timely.  Nationstar was served on July 20, 2016, and Nationstar filed its notice of removal on August 17, 2016, within the 30 day statutory limit.  [Docs. 1, 9-1]; *see* 28 U.S.C. § 1446(b).

1316, 1319 (11th Cir. 2001).   A court may consider post-removal evidence regarding jurisdiction, and jurisdictional facts "must be judged at the time of the removal." *Id.*; *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

Federal courts have original jurisdiction over cases in which the amount in controversy exceeds $75,000 and the suit is between parties that are citizens of different states.   28 U.S.C. § 1332(a)(1).   Where the amount in controversy is based on injunctive or declaratory relief, the defendant "must show that the benefit to be obtained from the injunction is sufficiently measurable and certain to satisfy the . . . amount in controversy requirement." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1269 (11th Cir. 2000) (alteration in original) (quotation omitted).   The value of the requested injunctive relief is the monetary value of the benefit that the plaintiff would receive if the injunction were granted. *Smith v. GTE Corp.*, 236 F.3d 1292, 1309 (11th Cir. 2001).

In cases where a plaintiff seeks an injunction against foreclosure, the amount in controversy is, at times, determined by reference to the value of the property subject to foreclosure. *See, e.g.*, *Roper v. Saxon Mortg. Servs., Inc.*, 1:09-cv-312-RWS, 2009 WL 1259193, at *2 (N.D. Ga. May 5, 2009).   This value

is used when the plaintiff's claims call into question the validity of a mortgage or security deed or, otherwise, "a right to property is called into question in its entirety." *See Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)[5]; *see also Davis v. Bank of Am., N.A.*, No. 1:11-cv-4552-JEC-RGV, 2012 WL 3949224, at *2 (N.D. Ga. Sep. 10, 2012) (holding that the amount in controversy was determined by reference to the value of defendant's security interest where the plaintiffs claimed that they were "exclusive titleholders" to their home).

For purposes of diversity citizenship, an individual's citizenship is equivalent to his domicile. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id.* at 1257-58 (quotation omitted). There is a presumption, however, that a person's residence is also that person's domicile. *Beal Bank USA v. Kelley*, No. 2:13-cv-435-WCO, 2014 WL 12577114, at *1 (N.D. Ga. 2014) (citing *Dist. of Columbia v. Murphy*, 314 U.S. 441, 455 (1941)).

---

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

"[A] limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Thus, "[t]o sufficiently allege the citizenships [of an LLC], a party must list the citizenships of all the members of the limited liability company . . . ." *Id.* A corporation is a citizen of every state by which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

**C.    Analysis**

**1.    Nationstar has carried its burden of showing that the parties are diverse.**

In its notice of removal, Nationstar asserted that there was diversity of citizenship because Tonea was a Georgia citizen and Nationstar was a citizen of Delaware and Texas. [Doc. 1 at 2-3.] Specifically, at the time of removal, Tonea resided at the Property in Gwinnett County, Georgia. [*Id.* at 2.] Nationstar, a limited liability company, had two members, Nationstar Sub1 LLC ("Sub1") and Nationstar Sub2 LLC ("Sub2"). Sub1 and Sub2 were both Delaware limited liability companies. The sole member of both Sub1 and Sub2 was Nationstar Mortgage Holdings Inc. ("NSM Holdings"), a Delaware corporation with its principal place of business in Coppell, Texas. [*Id.*]

9

Here, Nationstar has carried its burden of establishing diversity of citizenship. *See Williams*, 269 F.3d at 1319.  There is a presumption that Tonea is a Georgia citizen because he resided in Georgia at the time the case was removed to this Court. *See Beal Bank USA*, 2014 WL 12577114, at *1.  Nothing in Tonea's motion to remand suggests that his domicile is outside of Georgia. Further, Nationstar is a citizen of Delaware and Texas because NSM Holdings— which is the sole member of Sub1 and Sub 2, which in turn are the members of Nationstar itself—is a Delaware corporation with its principal place of business in Texas. *See* 28 U.S.C. § 1332(c)(1); *Rolling Greens MHP, L.P.*, 374 F.3d at 1022. Thus, the Court finds that Tonea is a Georgia citizen and Nationstar is a citizen of Texas and Delaware.

## 2. Nationstar has carried its burden of showing that the amount in controversy exceeds $75,000.

With respect to the amount in controversy, Nationstar argued in its notice of removal that this Court could use the fair market value of the Property to determine the amount in controversy because, in a case where a plaintiff seeks injunctive relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective.  [Doc. 1 at 3-4.]  With its notice of removal, Nationstar included a document from the Gwinnett County Tax

Assessor's Office, indicating that the Property had an appraised value of $186,300 in 2016.  [Doc. 1-2.]  Tonea had purchased the Property for $195,000 in 2003.  The Property fluctuated somewhat in value, and its lowest value, in 2012 and 2013, was $135,900.  [*Id.*]  Nationstar also attached a copy of the Security Deed to the notice of removal.  [Doc. 1-3.]  The Security Deed indicates that the amount of Tonea's loan to purchase the Property was $189,000.  [*Id.*]

The Court agrees that, in this case, the proper measure of the amount in controversy with respect to Tonea's claim for injunctive relief is the fair market value of the Property.  Tonea seeks a permanent injunction barring Nationstar from foreclosing on the Property because it does not hold the Note secured by the Property.  Moreover, it is clear from Tonea's complaint that he seeks to bar Nationstar from ever exercising the power of sale, effectively extinguishing Nationstar's rights under the Security Deed.  If Tonea were to prevail in his request for injunctive relief, he and his family would be, as a practical matter, the exclusive owners of the Property.  Thus, to Tonea, the benefit of injunctive relief is the value of the Property.  *See Smith*, 236 F.3d at 1309.

Although the Court does not specifically find that the Property's fair market value is equal to the appraised value, the Court readily concludes that the

11

amount in controversy exceeds the $75,000.  Nationstar therefore has carried its burden of establishing the amount in controversy.  *See Williams*, 269 F.3d at 1319. The Court therefore concludes that it has diversity jurisdiction over this matter, and Tonea's argument that this case must be remanded for lack of subject matter jurisdiction is without merit.  *See* 28 U.S.C. § 1332(a)(1).

### 3.      Abstention is not warranted under *Younger*.

Tonea's *Younger* argument is also without merit.  *Younger* abstention is rooted in "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances."  *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982).  *Younger* applies when there is (1) an ongoing state judicial proceeding that (2) implicates important state interests and (3) affords an adequate opportunity to raise federal claims.  *Collins v. Battle*, No. 1:14-cv-3824-LMM, 2015 WL 10550927, at *5 (N.D. Ga. July 28, 2015) (citing *Middlesex*); *Kenny A. ex rel. Winn v. Perdue*, 218 F.R.D. 277, 285 (N.D. Ga. 2003) (same).

Removal of a case from state court under § 1441 "does not leave behind a pending state court proceeding that would permit *Younger* abstention."  *Vill. of DePue v. Exxon Mobil Corp.*, 537 F.3d 775, 783 (7th Cir. 2008); *see also Noonan*

12

*S., Inc. v. Cty. of Volusia*, 841 F.2d 380, 382 (11th Cir. 1988) (reaching the same conclusion in a *Colorado River*[6] abstention case).  Thus, this case does not meet the first requirement for *Younger* abstention under *Middlesex*.  Further, the premise of Tonea's *Younger* argument is that this case concerns the important state interest of adjudicating property disputes.  It is not.  This is a wrongful foreclosure case involving tort claims governed by well-settled principles of state law.  Tonea cites no authority suggesting that a federal court should abstain from a diversity removal case, such as this one, that presents ordinary tort claims. Tonea's reliance on *Younger* is therefore misplaced.

### 4.    Conclusion

In sum, this Court has diversity jurisdiction over the removal action.  It is therefore **RECOMMENDED** that the motion to remand be **DENIED**.  [Doc. 5.]

## IV.   MOTION TO DISMISS

### A.    The parties' arguments

Turning to the merits of the complaint, Nationstar argues in its motion to dismiss that the complaint should be dismissed as an impermissible shotgun

---

[6] *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

pleading.[7]  [Doc. 3-1 at 5-8.]  Nationstar also argues that it is well-settled that there is no obligation to "produce the note" to foreclose on the Property and that this Court has rejected Tonea's argument challenging the validity of MERS's assignment of the Security Deed.  [*Id.* at 8-9.]  Nationstar additionally argues that Tonea has not stated a claim for fraud and misrepresentation or attempted wrongful foreclosure.  [*Id.* at 9-14.]  Finally, Nationstar argues, Tonea has not tendered the amount due on the loan, and therefore cannot show that he is entitled to equitable relief.  [*Id.* at 12-13.]

Tonea responds that Nationstar cannot foreclose on the Property or represent that it can foreclose on the Property unless it has the original Note secured by the Property.  [Doc. 10 at 7- 13, 16-27.]  Tonea also challenges the validity of the assignment of the original Security Deed by MERS.  [*Id.* at 19-20.]

**B.     Legal standards**

In evaluating a Rule 12(b)(6) motion to dismiss, a court must determine whether the complaint contains "sufficient factual matter, accepted as true, to

---

[7] Although the Court agrees that the complaint has characteristics of a shotgun pleading, it is obvious that the instant complaint, like Tonea's previous complaints, fails to state a claim under Rule 12(b)(6).  Thus, the Court does not specifically address Nationstar's argument that the complaint is a shotgun pleading.

'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint need not provide "detailed factual allegations," but it must provide factual allegations sufficient to set forth the plaintiff's entitlement to relief. *Twombly*, 550 U.S. at 555. Providing only "labels and conclusions" is insufficient, "and a formulaic recitation of the elements of a cause of action will not do." *Id.* In evaluating a complaint, courts should disregard any allegations that are mere legal conclusions. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (discussing *Iqbal* and *Twombly*).

Generally, a court may not consider matters outside the pleadings when evaluating a motion to dismiss without converting the motion to a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368-69 (11th Cir. 1997). An exhibit to a pleading is part of the pleading, and therefore may be considered. *See* Fed. R. Civ. P. 10(c). A document not physically attached to a pleading may be considered if the document's contents are alleged in a complaint and no party questions those contents, provided that the documents is central to the plaintiff's

15

claim and its authenticity is not challenged.  *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005); *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

Under Georgia law, to state a claim of fraud by misrepresentation, a plaintiff must allege: (1) a false representation by the defendant; (2) that the defendant knew to be false; (3) that the defendant intended to induce the plaintiff to act or refrain from acting; (4) justifiable reliance by the plaintiff; and (5) damages.  *Fortson v. Hotard*, 299 Ga. App. 800, 802-03 (2009).  Moreover, a claim of fraud must be stated "with particularity."  O.C.G.A. § 9-11-9(b).

A plaintiff establishes a wrongful foreclosure claim under Georgia law by showing (1) the foreclosing party owed him a legal duty, (2) a breach of that duty, (3) a causal connection between the breach and the injury it caused, and (4) damages.  *Racette v. Bank of Am., N.A.*, 318 Ga. App. 171, 174 (2012); *Sheely*, 36 F. Supp. 3d at 1376.  A claim of attempted wrongful foreclosure requires "a knowing and intentional publication of untrue and derogatory information concerning the debtor's financial condition, and that damages were sustained as a direct result of this publication."  *Aetna Fin. Co. v. Culpepper*, 171 Ga. App. 315, 319 (Ga. App. 1984); *see also McGowan v. Homeward Residential, Inc.*, 500 F. App'x 882, 885 (11th Cir. 2012).

16

C.    **Analysis**

1.    **Tonea's arguments that a lender must produce the note in order to foreclose and that MERS does not have authority to assign a Security Deed are wholly without merit.**

It is now well-settled that Tonea's argument that a lender must produce the note in order to foreclose on property or exercise the power of sale under a security deed is without merit. *See You v. JP Morgan Chase Bank*, 293 Ga. 67, 74 (2013); *accord Harris v. Chase Home Fin., LLC*, 524 F. App'x 590, 592 (11th Cir. 2013). Indeed, this same argument was rejected in *Tonea II*. *See* 6 F. Supp. 3d at 1336. Thus, that argument provides no legal basis for Tonea's fraud and wrongful foreclosure claims.

Similarly, Tonea has no standing to challenge the assignment of the Security Deed by MERS to the Bank of New York Mellon because he was not a party to that contract. *See Jurden v. HSBC Mortg. Corp.*, 330 Ga. App. 179, 180 (2014); *Montgomery v. Bank of Am.*, 321 Ga. App. 343, 346 (2013); *see also Lawson v. Ocwen Loan Servicing, LLC*, No. 1:14-cv-1301-WSD, 2015 WL 881252, at *5 (N.D. Ga. Mar. 2, 2015). Thus, as a matter of law, Tonea's challenge to the validity of the MERS assignment cannot be a predicate for his fraud and wrongful foreclosure claims.

17

### 2.    Tonea's suggestion that MERS did not assign the Security Deed to the Bank of New York Mellon is without merit.

Tonea suggests in the complaint that MERS never assigned the Security Deed to any other entity because the only assignment that he could locate in the Gwinnett County records was an assignment of a security deed by New Century Mortgage Corporation to Deutsche Bank.  (Compl. ¶ 22.)  As noted above, that assignment does not even concern the Property, but instead concerns property owned by others.  (Compl. Ex. B.)

With its motion to dismiss, Nationstar included a copy of the assignment Security Deed from MERS to the Bank of New York Mellon, filed and recorded in the Superior Court of Gwinnett County on September 28, 2011.[8]  [Doc. 3-2 at 19.]  That document irrefutably demonstrates that MERS in fact assigned the Security Deed to the Bank of New York Mellon.  Accordingly, there is no basis

---

[8] The Court may consider that document at the motion to dismiss stage because Tonea does not dispute the authenticity of that document in his response to the motion to dismiss, and the record of the assignment is central to Tonea's complaint.  *See Day*, 400 F.3d at 1276.  The Court notes that Tonea continues to dispute the authenticity of any copy of the Note that Nationstar might produce [Doc. 10 at 21] and argues that MERS lacked authority to assign the Security Deed [*id.* at 20].  He does not, however, dispute the authenticity of the record of the corrective assignment.  [*See id.*]

for a claim of fraud or wrongful foreclosure based on Tonea's suggestion that MERS did not assign the Security Deed to any other entity.

### 3. Tonea has not otherwise stated a claim for fraud and misrepresentation or attempted wrongful foreclosure.

Here, as in *Tonea III*, Tonea has not stated a fraud claim with particularity. *See Tonea III*, No. 1:14-cv-2397, Doc. 11 at 23-24. Tonea alleges, generally, that Nationstar failed to identify itself as a debt collector and failed to declare that it was not the secured party before advertising the foreclosure sale, which caused him to make loan payments that he did not owe. (Compl. ¶¶ 20-21, 24.) Tonea, however, makes clear throughout his pleadings that Nationstar represented that it was the servicer, not the secured creditor, and he knew that Nationstar was his servicer. [*E.g.*, Doc. 10 at 7, 10.] Thus, Tonea's complaint does not plead fraud with the required particularity, and in any event, it is clear that he cannot show detrimental reliance. *See* O.C.G.A. § 9-11-9(b); *Fortson*, 299 Ga. App. at 802-03.

Tonea also has failed to state a claim for attempted wrongful foreclosure because the complaint does not plausibly suggest that he was not in default on his loan payments or subject to foreclosure under the Security Deed. *See Ezuruike v. Bank of New York Mellon*, No. 1:11-cv-4030-JEC, 2012 WL 3989961, at *1 (N.D. Ga. Sept. 11, 2012). Thus, even assuming that Nationstar published "derogatory"

19

information about Tonea by advertising a foreclosure sale, there is no plausible inference in the complaint that the information was untrue. *See Aetna Fin. Co.*, 171 Ga. App. at 319.

Nor does Tonea's complaint make out the elements of a wrongful foreclosure claim as to Nationstar. *See Racette*, 318 Ga. App. at 174. The complaint makes clear that the Bank of New York Mellon—not Nationstar—intends to exercise the power of sale. (*See* Compl. Ex. A.) Because Nationstar is not the entity foreclosing on the Property, it does not matter whether, as Tonea claims, Nationstar is not the "secured creditor."

Tonea also has not shown that Nationstar ran afoul of the pre-foreclosure notice statute, O.C.G.A. § 44-14-162.2. Section 44-14-162.2 requires a secured creditor to send a notice of the initiation of proceedings to exercise a power of sale to the debtor at least 30 days before the date of the proposed foreclosure. O.C.G.A. § 44-14-162.2(a). The notice must name, *inter alia*, the individual or entity authorized to negotiate the terms of the mortgage with the debtor. *Id.* Here, Albertelli Law, on behalf of the Bank of New York Mellon, sent the notice of intent to exercise the power of sale, listing Nationstar as the party authorized to negotiate the mortgage with Tonea. (Compl. Ex. A.) There is no legitimate

20

dispute that this information is accurate.  Thus, nothing in Tonea's complaint plausibly suggests that Nationstar violated § 44-14-162.2.

Even if Tonea could state a claim for wrongful foreclosure or attempted wrongful foreclosure, he cannot show that he is entitled to equitable relief enjoining or stalling the foreclosure sale.[9]  It does not appear, and Tonea does not allege, that he is current on his loan obligations or that he has tendered the amount due on the loan.  His "[f]ailure to make proper loan payments or tender the amount due on the loan defeats any wrongful foreclosure or attempted wrongful foreclosure claims." *White v. Bank of Am., N.A.*, No. 1:12-cv-3834-WSD, 2013 WL 1963786, at *3 n.11 (N.D. Ga. May 10, 2013); *see also Rourk v. Bank of Am. Nat'l Ass'n*, 587 F. App'x 597, 599-600 (11th Cir. 2014).

In sum, Tonea's claims of fraud and misrepresentation and wrongful foreclosure or attempted wrongful foreclosure are without merit.[10]  It is therefore **RECOMMENDED** that those claims be **DISMISSED** for failure to state a claim.

---

[9] As noted above, a wrongful foreclosure claim for damages is premature because there has been no foreclosure.

[10] Tonea suggests, for the first time in his motion to dismiss, that this is a Fair Debt Collection Practices Act ("FDCPA") or Truth in Lending Act ("TILA") case.  [Doc. 10 at 13-15.]  The Court discerns no such claim Tonea's complaint.  In light of Tonea's adamant insistence in his pleadings that there is no federal

**D.     Nationstar's request for an order barring Tonea from filing future actions should be denied.**

In its motion to dismiss, Nationstar requests that this Court "bar [Tonea] from continuing to file form complaint[s] related to [the] Property without prior approval from the Court."  [Doc. 3-1 at 14-15.]  It its reply, Nationstar clarifies that it seeks to prohibit Tonea from filing form complaints related to the foreclosure of the Property.  [Doc. 11 at 10.]  Nationstar cites no authority in support of its request.

A district court has inherent authority to manage its own docket, including the authority to place restrictions on an abusive litigant's ability to file lawsuits. *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1386-87 (11th Cir. 1993); *Procup v. Strickland*, 792 F.2d 1069, 1073-74 (11th Cir. 1986) (*en banc*).  The Eleventh Circuit also has enforced a district court's order barring a vexatious litigant from filing any lawsuit in any federal court without first obtaining leave of court. *Martin-Trigona*, 986 F.2d at 1387.

Filing restrictions may not foreclose a plaintiff entirely from access to the court.  *Procup*, 792 F.2d at 1074.  Moreover, the Eleventh Circuit has held that a

---

claim in the complaint, the Court assumes that Tonea does not intend to raise an FDCPA or TILA claim here.

district court abused its discretion by requiring a plaintiff to post a cash bond before filing any federal action relating to the attempted foreclosure of her home, where the injunction was not limited to previously litigated issues and the court offered no justification for the specific provisions of the injunction. *De Souza v. JPMorgan Chase Home Lending Div.*, 608 F. App'x 776, 781-82 (11th Cir. 2015).

Here, the Court is not convinced that it would be appropriate to enjoin Tonea from filing cases related to the foreclosure of the Property. Tonea has filed each of these foreclosure cases in state court. Thus, to be effective, the injunction would have to restrict Tonea from making state court as well as federal court filings without prior court approval. The Court is aware of no Eleventh Circuit precedent upholding such a broad injunction against foreclosure filings, particularly where the injunction might infringe on a state court's own authority over its docket. Finally, Nationstar cited no authority on this issue in its briefs. Thus, Nationstar's request for an injunction preventing Tonea from filing complaints related to the foreclosure of the Property should be **DENIED**.

## V. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Tonea's motion to remand be **DENIED** [Doc. 5] and that Nationstar's motion to dismiss **GRANTED** [Doc. 3]. Tonea's claims against Nationstar should be **DISMISSED**

23

**WITH PREJUDICE** for failure to state a claim.   It is **FURTHER RECOMMENDED** that Nationstar's request that the Court place broad filing restrictions on Tonea be **DENIED**.

IT IS SO RECOMMENDED this 11th day of January, 2017.

_____
JOHN K. LARKINS III
United States Magistrate Judge

24