IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **MIRCEA F. TONEA,** | |
| **Plaintiff,** | |
| v. | 1:16-cv-3009-WSD |
| **NATIONSTAR MORTGAGE LLC,** | |
| **Defendant.** | |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge John K. Larkins III's Final Report and Recommendation [12] ("R&R"), which recommends that Nationstar Mortgage LLC's ("Nationstar" or "Defendant") Motion to Dismiss [3] Plaintiff Mircea Tonea's ("Plaintiff") Complaint be granted. The R&R also recommends that Plaintiff's Motion to Remand [5] be denied.

**I.   BACKGROUND**[1]

This is Plaintiff's fourth attempt to delay foreclosure.[2] In 2004, Plaintiff obtained a loan in the amount of $189,000 from Home Funds Direct ("Home

---

[1] The facts are taken from the R&R and the record. The parties have not objected to any specific facts in the R&R, and the Court finds no plain error in them. The Court thus adopts the facts set out in the R&R. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

Funds"). (Security Deed [3.2] at 2-3).[3] Repayment of the loan was secured by a deed ("Security Deed") to real property located at 1845 Oak Wind Lane, Buford, Georgia 30519 (the "Property"). (Id. at 4). Plaintiff executed the Security Deed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Home Funds and Home Funds' successors and assigns. (Id.). Under the terms of the Security Deed, Plaintiff "grant[ed] and convey[ed] to MERS (solely as nominee for [Home Funds] and [Home Funds'] successors and assigns) and the

---

[2]  See Tonea v. Bank of Am., No. 1:12-cv-2642-WSD (N.D. Ga. Jan. 24, 2013) (Plaintiff filed complaint asserting claims for attempted wrongful foreclosure and, on March 18, 2014, voluntarily dismissed his complaint, without prejudice under Rule 41 of the Federal Rules of Civil Procedure); Tonea v. Bank of Am., No. 1:13-cv-1435-WSD (N.D. Ga. Mar. 18, 2014) (dismissing Plaintiff's form complaint with prejudice for failure to state a claim); Tonea v. Nationstar Mortg., LLC, No. 1:14-cv-2397-WSD (N.D. Ga. 2014) (On October 30, 2014, Magistrate Judge E. Clayton Scofield III issued his R&R [11], recommending dismissal of Plaintiff's complaint for failure to state a claim, observing that "it appears that Plaintiff's civil action is yet *another* in a series of actions filed in state court and then removed by [Nationstar] . . . in which [Plaintiff] . . . files documents obtained from the Internet in a flawed attempt to forestall or set aside the foreclosure sale of the property." On November 13, 2014, Plaintiff, before the Court issued a final order on the R&R, voluntarily dismissed the action).

[3]  Defendant attaches to its Motion to Dismiss copies of the Security Deed, Assignment, and Corrective Assignment, which were filed with the Clerk of the Superior Court of Gwinnett County, Georgia. These documents are matters of public record and the Court may consider them. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 355 (2007) (on a motion to dismiss, court must consider the complaint and matters of which it may take judicial notice); Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1276-1278 (11th Cir. 1999) (court may take judicial notice of official public records and may base its decision on a motion to dismiss on the information in those records).

successors and assigns of MERS, with power of sale, the [Property]." (Security Deed at 4).

On April 3, 2010, MERS assigned its rights under the Security Deed, including the power of sale, to "The Bank of New York Mellon FKA The Bank of New York, as successor to JP Morgan Chase Bank, N.A., as [T]rustee for the holders of the ABFC 2005-HE1 trust" ("BONYM") (Assignment [3.2] at 18).[4]

At some point, Plaintiff defaulted on his loan obligations.

On July 12, 2016, Plaintiff, proceeding *pro se*, filed his Complaint in the Superior Court of Gwinnett County, Georgia. Plaintiff asserts state-law claims for fraud and misrepresentation (Count I) and wrongful foreclosure (Count II) against Nationstar, the holder of Plaintiff's security deed.[5] The crux of Plaintiff's claim is that Defendant lacks standing to foreclose on the Property based on the perceived defects in the Assignment and the transfer of his mortgage. Plaintiff seeks declaratory and injunctive relief and compensatory damages.

---

[4]   On September 19, 2011, the Assignment was corrected to reflect that MERS assigned its rights under the Security Deed, including the power of sale, to "The Bank of New York Mellon formerly known as The Bank of New York, as Successor Trustee to JP Morgan Chase Bank, N.A., as Trustee for the CertificateHolders [sic] of the ABFC 2005-11E1 Trust, ABFC Asset-Backed Certificates, Series 2005-HE1." (See Corrective Assignment [3.2] at 19).

[5]   Although he refers generally to "Defendant," Plaintiff fails to plead any facts showing Nationstar's role in the foreclosure process.

On August 17, 2016, Defendant removed the Gwinnett County Action to this Court based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

On August 24, 2016, Defendant moved to dismiss Plaintiff's Complaint for failure to state a claim.

On August 24, 2016, Plaintiff filed his Motion to Remand [5].

On January 11, 2017, the Magistrate Judge issued his R&R.  Having found that Plaintiff and Defendant are citizens of different states, and that the amount in controversy exceeds $75,000, the Magistrate Judge concluded that the Court has subject matter jurisdiction based on diversity of citizenship, and recommended that Plaintiff's Motion to Remand be denied.  The Magistrate Judge also recommended that Defendant's Motion to Dismiss be granted and that Nationstar's request for an order barring Plaintiff from filing future actions be denied.

The parties did not object to the R&R.

## II.    DISCUSSION

### A.    Legal Standard for Review of a Magistrate Judge's R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied,

459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).  The parties have not objected, or otherwise responded to, the R&R and the Court thus conducts a plain error review of the record.

  B. Plaintiff's Motion to Remand

28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."  The Court's jurisdiction in this case is premised on diversity of citizenship, which authorizes federal jurisdiction over suits between citizens of different states where the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant."  Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994).  The parties do not dispute that Nationstar has carried its burden of showing that complete diversity exists among the parties.  Plaintiff instead conclusorily asserts that Defendant "has

failed to meet its burden in proving that the jurisdictional threshold has been met." (Motion to Remand at 21).  "If a plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement."  Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 (11th Cir. 2010) (internal quotation marks omitted).  Whether the amount-in-controversy requirement has been satisfied is "judged at the time of removal." Sierminksi v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000).

Plaintiff's Complaint does not request a specific amount of damages. Rather, Plaintiff seeks injunctive relief to prevent Defendant from foreclosing on the Property.  "[I]n actions seeking declaratory or injunctive relief, it is well-established that the amount in controversy is measured by the value of the object of the litigation."  Occidental Chemical Corp. v. Bullard, 995 F.2d 1046, 1047 (11th Cir. 1993) (quoting Hunt v. Washington State Apple Advt'g Comm'n, 432 U.S. 333, 347-48 (1977)).  When a plaintiff seeks to enjoin or set aside a foreclosure sale, "the amount in controversy [is] measured by the value of the object of the litigation, that is, the property's undisputed fair market value." Ballew v. Roundpoint Mortg. Serv. Corp., 491 F. App'x 25, 26 (11th Cir. 2012) (citing Occidental, 995 F.2d at 1047).

Here, Defendant attaches to its Notice of Removal a report from the 2016 Gwinnett County Tax Assessor's Office for the Property, which indicates that the appraised fair market value of the Property, at the time of removal, was $186,300.00.  (See Ex. B [1.2] at 2).  The Magistrate Judge concluded that Defendant demonstrated, by a preponderance of the evidence, that the value of the Property at the time of removal exceeds the $75,000.00 jurisdictional threshold.  Plaintiff did not object to this finding, and the Court finds no plain error in it.  See 28 U.S.C. § 1332(a); Shurman v. Citibank N.A., No. 1:12-cv-3023-ODE, 2013 WL 12098818, at *2 (N.D. Ga. Jan. 29, 2013) (finding the amount in controversy was satisfied when defendant showed that the "property was appraised as having a fair market value of $109,600" at the time of removal).

The Magistrate Judge concluded that the Court has subject matter jurisdiction based on diversity of citizenship.  The Magistrate Judge recommended that Plaintiff's Motion to Remand be denied, and the Court finds no plain error in this recommendation.  See 28 U.S.C. § 1441(a).[6]

---

[6]   To the extent Plaintiff asserts that remand is proper because "[p]rocedural requirements for removal were NOT met," Plaintiff does not submit any evidence to support his assertion that Defendant's removal was procedurally defective.  Because Defendant removed the Gwinnett County Action to this Court on August 17, 2016, within 30 days of being served with the Complaint on July 20, 2016, the Magistrate Judge concluded that removal was timely.  See 28 U.S.C. § 1446(b).

C.   Defendant's Motion to Dismiss

1.   Legal Standard

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "assume that the factual allegations in the complaint are true and give the plaintiff[] the benefit of reasonable factual inferences." Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010). Although reasonable inferences are made in the plaintiff's favor, "'unwarranted deductions of fact' are not admitted as true." Aldana v. Del Monte Fresh Produce, N.A., 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting S. Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (1996)). Similarly, the Court is not required to accept conclusory allegations and legal conclusions as true. See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (construing Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570)). Mere "labels and conclusions" are insufficient. Twombly, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). This requires more than the "mere possibility of misconduct." Am. Dental, 605 F.3d at 1290 (quoting Iqbal, 556 U.S. at 679). The well-pled allegations must "nudge[] their claims across the line from conceivable to plausible." Id. at 1289 (quoting Twombly, 550 U.S. at 570).[7]

Complaints filed *pro se* are to be liberally construed and are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted). Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007). "[A] district court does not have license to rewrite a deficient pleading." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

---

[7] Federal Rule of Civil Procedure 8(a)(2) requires the plaintiff to state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In Twombly, the Supreme Court recognized the liberal minimal standards imposed by Federal Rule 8(a)(2) but also acknowledged that "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

2.   Analysis

The Magistrate Judge found that the crux of Plaintiff's wrongful foreclosure[8] claim is based on his assertion that MERS, as grantee and nominee of Home Funds, lacked authority to assign the Security Deed to BONYM.  The Magistrate Judge found that relief cannot be granted on this claim because, under Georgia law, Plaintiff lacks standing to challenge the Assignment, and, even if he had standing, Georgia courts have repeatedly rejected the argument that MERS, as grantee and nominee of the original lender, cannot effect assignment of a security deed.  The Magistrate Judge recommended that Plaintiff's wrongful foreclosure claim be

---

[8]  Wrongful foreclosure and attempted wrongful foreclosure are two different causes of action under Georgia law.  Compare All Fleet, 634 S.E.2d at 807 (To state a claim for wrongful foreclosure, plaintiff must show a "legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages") with Jenkins v. McCalla Raymer, LLC, 492 F. App'x 968, 972 (11th Cir. 2012) (To state a claim for attempted wrongful foreclosure, plaintiff must show "a knowing and intentional publication of untrue and derogatory information concerning the debtor's financial condition, and that damages were sustained as a direct result of this publication.").  To the extent he intended to assert a claim for attempted wrongful foreclosure, Plaintiff does not identify the purported "untrue and derogatory statement concerning [his] financial condition[]" Plaintiff alleges that Defendant published.  (See Compl. at 12).  Plaintiff thus fails to allege facts sufficient to support a claim for attempted wrongful foreclosure.  See id.; see also Peterson v. Merscorp Holdings, Inc., No. 1:12-cv-00014-JEC, 2012 WL 3961211, at *5 (N.D. Ga. Sept. 10, 2012) (plaintiffs failed to state a claim for attempted wrongful foreclosure where they alleged only that defendant misrepresented itself as the secured creditor on foreclosure notice).

dismissed pursuant to Rule 12(b)(6), and the Court finds no plain error in this recommendation.  See Larose v. Bank of Am. N.A., 740 S.E.2d 882, 884 (Ga. Ct. App. 2013); Montgomery v. Bank of Am., 740 S.E.2d 434, 437 (Ga. Ct. App. 2013) ("the security deed expressly conveyed title to the interests in the security deed to MERS, gave MERS the right to invoke the power of sale, and authorized MERS to assign its rights and interests in the security deed").

The Magistrate Judge found further that, to the extent Plaintiff asserts that Defendant lacks standing to foreclose on the Property because Nationstar does not hold Plaintiff's promissory note and Security Deed, and is not a "secured creditor," relief cannot be granted on these claims because they are not cognizable under Georgia law.  The Magistrate Judge recommended that these claims be dismissed pursuant to Rule 12(b)(6), and the Court finds no plain error in this recommendation.  See, e.g., Montgomery v. Bank of Am., 740 S.E.2d 434, 436 (Ga. Ct. App. 2013) (because assignment of security deed was contractual, plaintiff lacked standing to contest its validity because he was not a party to the assignment); You v. JP Morgan Chase Bank, 743 S.E. 2d 428, 433 (Ga. 2013) ("Under Georgia law, the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation

underlying the deed.").[9]

Finally, the Magistrate Judge found that Plaintiff's conclusory, vague allegations that Nationstar "failed to disclose material facts, which they had a duty to disclose" and engaged in fraud are insufficient to satisfy the special pleading requirement under Rule 9(b) of the Federal Rules of Civil Procedure for pleading fraud claims with specificity, and he otherwise fails to state a claim for fraud under Georgia law.[10] The Magistrate Judge recommended that Plaintiff's fraud claims be

---

[9] The Court also agrees with the Magistrate Judge that it does not appear, and Plaintiff does not assert, that he is current on his loan obligations, and Plaintiff is not entitled to enjoin foreclosure and cannot state a claim for wrongful foreclosure for this additional reason. See Smith v. Citizens & S. Fin. Corp., 268 S.E.2d 157 (Ga. 1980) ("Appellants have made no tender of the indebtedness secured by the deed to secure debt and thus are not entitled to set aside the sale under power."); Harvey v. Deutsche Bank Nat'l Trust Co., No. 1:12-cv-1612, 2012 WL 3516477, at *2 (N.D. Ga. Aug. 14, 2012) ("When the borrower cannot show that the alleged injury is attributable to the lender's acts or omissions, the borrower has no claim for wrongful foreclosure."); Heritage Creek Dev. Corp. v. Colonial Bank, 601 S.E. 2d 842 (Ga. Ct. App. 2004) (plaintiff's injury was "solely attributable to its own acts or omissions both before and after the foreclosure" because it defaulted on its loan payments, failed to cure default, and did not bid on property at foreclosure sale).

[10] The Eleventh Circuit has consistently held: "To comply with Rule 9(b), a complaint must set forth: (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." Thomas v. Pentagon Federal Credit Union, 393 Fed. App'x 635, 638 (11th Cir. 2010).

dismissed, and the Court finds no plain error in the Magistrate Judge's findings or recommendation.  See Fed. R. Civ. P. 9(b), 12(b)(6); Iqbal, 556 U.S.

The Court has reviewed the record in this case and, finding no plain error, adopts the findings and recommendations in the R&R.  Defendant's Motion to Dismiss is required to be granted.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge John K. Larkins III's Final Report and Recommendation [12] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand [5] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss [3] is **GRANTED**.

**SO ORDERED** this 31st day of January, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE